UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ERNESTO RUANO GONZALEZ,** Individually and on behalf of himself and all others similarly situated, | JURY DEMAND |
| Plaintiffs, | CASE NO.: |
| vs. | COLLECTIVE ACTION ALLEGATIONS |
| **NBW ENERGY, LLC.,** a Domestic Limited Liability Company, and **LUIS F. OSORIO** and **MANUEL SOVERO,** individually | |
| Defendants.     / | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ERNESTO RUANO GONZALEZ ("Plaintiff" or "Ruano"), on behalf of himself and all other similarly situated workers, hereby files this Complaint against Defendants, NBW ENERGY, LLC, a Domestic Limited Liability Company ("NBW"), LUIS F. OSORIO ("Osorio"), and MANUEL SOVERO, ("Sovero") individually and collectively ("Defendants"), and states as follows:

**NATURE OF THE ACTION**

1.  Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of Defendants who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief pursuant to 28 U.S.C. §2201.

2. The FLSA Collective is made up of all employees who were paid by a piece rate (i.e. production pay), and who currently work or have worked for Defendants at any time within three years prior to this action's filing date (the "Collective Period").

3. Defendants classified Plaintiff and all other similarly situated current and former employees as exempt from the FLSA's overtime provisions, and failed to pay any overtime premium for hours worked over 40 in a given work-week.

4. By the conduct described in this Complaint, Defendants willfully violated the FLSA by failing to pay Plaintiff and all other similarly situated current and former hourly rate employees' overtime wages as required by law during the Collective Period.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) to recover unpaid back overtime wages, to recover an additional equal amount as liquidated damages, to obtain declaratory relief, and to recover reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, et seq. (the "FLSA").

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue lies within the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391 because Defendants operates in this district.

## THE PARTIES

*Plaintiff Ernesto Ruano Gonzalez*

9. Plaintiff Ernesto Ruano Gonzalez is an adult individual who is a resident of Texas.

10. From approximately June 1, 2017 to February 13, 2019, Plaintiff worked for Defendants as a technician/insulator traveling in different regions of Texas and New Mexico.

11. Ruano regularly worked for Defendants and for Defendants' benefit in excess of 40 hours per workweek.

12. Ruano was typically scheduled to work about 60 to 65 hours per workweek.

13. Ruano often worked 60 to 70 hours per workweek.

14. Pursuant to Defendants' policy, pattern, or practice of not paying overtime wages to Ruano and all other similarly situated current and former house insulators when they worked beyond 40 hours in a workweek, Ruano and all other similarly situated current and former technicians/ insulators regularly performed work without receiving overtime compensation.

15. Ruano is a covered employee within the meaning of the FLSA.

*Defendants*

16. NBW Energy, LLC, is a Domestic Limited Liability Company that does business in Texas. According to the Texas Secretary of State, NBW's principal office is located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038. According to Defendants' website, its corporate headquarters is located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038.

17. Luis F. Osorio is a citizen and resident of Texas. He can be served at NBW's place of business located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038.

18. Osorio is an authorized member and co-owner of NBW.

19. Osorio has exerted a substantial amount of control over significant aspects of NBW's day-to-day operation during all relevant time periods.

20. In managing the day to day operations of NBW, Osorio makes decisions concerning work, staffing, personnel matters, pay policies and compensation.

21. Manuel Sovero is a citizen and resident of Texas. He can be served at NBW's place of business located at 6191 N. Highway 161, Suite 300, Irving, Texas, 75038.

22. At all times relevant, Sovero was an authorized member and co-owner of NBW.

23. Sovero has exerted a substantial amount of control over significant aspects of NBW's day-to-day operation during all relevant time periods.

24. In managing the day to day operations of NBW, Sovero makes decisions concerning work, staffing, personnel matters, pay policies and compensation.

25. Both Osorio and Sovero have the authority to, and regularly exercised that authority to hire or fire, determine rates of pay, manage payroll, and dictate whether Plaintiff, and those similarly situated would be allowed to work on a particular day.

26. The Defendants determined Plaintiff's rate of pay, managed payroll, provided workers' compensation insurance, and determined what houses the Plaintiff would service at the start of each day.

27. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

28. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

29. Based on the foregoing, NBW is an employer as defined under the FLSA.

30. Based on the foregoing, Osorio is an employer as defined under the FLSA.

31. Based on the foregoing, Sovero is an employer as defined under the FLSA.

32. Plaintiff and the putative class members were employed by Defendants.

33. Specifically, Plaintiff and the putative class members were suffered and permitted to work on behalf of and for the sole benefit of NBW.

34. Defendants employed Plaintiff and the putative class members as technicians/insulators at various locations within New Mexico and Texas.

35. Defendants also jointly employed Plaintiff and all other similarly situated technicians/insulators.

36. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiff and all others similarly situated technicians/insulators, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such drivers' performance of their duties.

37. At all material times hereto, Defendant required Plaintiff and all other similarly situated current and former technicians/insulators to perform non-exempt job duties.

## COVERAGE

38. At all times material hereto, Plaintiff was employed by Defendants within the meaning of the FLSA.

39. Plaintiff was hired by Defendants to perform duties as a technician/insulator.

40. Throughout their employment, Plaintiff and all other similarly situated current and former technicians/insulators performed work on behalf of Defendants and were paid directly by Defendants.

41. At all times material hereto, Defendants determined the nature and amount of Plaintiff's and those similarly situated technicians/ insulator's pay.

42. At all material times hereto, Defendants were the employer of Plaintiff and all other similarly situated current and former technicians/ insulators within the meaning of the FLSA.

43. At all material times hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

44. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

45. At all times material hereto, Defendants simultaneously operated in two (2) or more states.

46. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

47. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce and has employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

48. During Plaintiff's employment, Defendants employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce.

49. Therefore, at all material times relevant to this action, Defendant, NBW, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## COMMON FACTUAL ALLEGATIONS

50. During the course of their employment with Defendants, Plaintiff and all other similarly situated current and former technicians/mechanical insulators regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

51.   Plaintiff and all other similarly situated current and former technicians/ mechanical insulators primarily performed manual, non-exempt job duties such as measuring, cutting, and applying insulating materials to pipes or ductwork, or other mechanical systems in residential or commercial buildings.

52.   Plaintiff and all other similarly situated current and former technicians/ mechanical insulator's primary duties were not directly related to Defendant's management or general business operations.

53.   Plaintiff and all other similarly situated current and former technicians/ mechanical insulator's primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

54.   The performance of manual labor duties occupied the majority of Plaintiff and all other similarly situated current and former technicians/ mechanical insulators' working hours.

55.   All of the work that Plaintiff and all other similarly situated current and former technicians/ mechanical insulators have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and all other similarly situated current and former technicians/ mechanical insulators have performed.

56.   Pursuant to a common policy, pattern or practice, Defendants treated Plaintiff and all other similarly situated current and former mechanical insulators similarly with respect to the violations claimed, and failed to pay them overtime wages and maintain accurate records of their hours of work, despite the fact that Plaintiff and all other similarly situated current and former mechanical insulators regularly worked more than 40 hours per workweek, all in violation of the FLSA.

57.   Defendants knew, or should have known, that Plaintiff and all other similarly situated current and former mechanical insulators primarily performed non-managerial, non-

exempt duties, yet still maintained a policy not to pay Plaintiff and all other similarly situated current and former technicians/ mechanical insulators overtime wages.

58. Plaintiff and all other similarly situated current and former technicians/ mechanical insulators had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime pay for such work).

59. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

60. Defendants were aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of forty (40) hours per workweek.

61. Plaintiff and all other similarly situated current and former technicians/ mechanical insulators were classified as exempt from FLSA's overtime requirements and paid a weekly amount despite originally promising to pay Plaintiff and other similarly situated employees a piece rate for each home completed.

62. Plaintiff and all other similarly situated current and former technicians/ mechanical insulators employed by Defendants during the Collective Period regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, Defendants did not provide Plaintiff or other technicians/ mechanical insulators with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40).

63. Rather than pay Plaintiff and all other similarly situated current and former technicians/ mechanical insulators one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a given workweek, Defendants misclassified Plaintiff and all

other similarly situated current and former mechanical insulators as exempt from overtime pay, and did not compensate them for their overtime hours worked.

64. Plaintiff Ruano worked, on average, approximately 20-30 hours of overtime each week.

65. Plaintiff's work schedule was Monday through Friday from 8am to 7pm and every other Saturday from 8am to4pm, which routinely led to Plaintiff and all other similarly situated current and former mechanical insulators working overtime and performing non-exempt job duties.

66. Plaintiff and all other similarly situated current and former mechanical insulators were not required to clock in and out, nor were they required to keep timesheets. As a result, Defendants failed to maintain and keep time records for Plaintiff and all other similarly situated current and former technicians/ mechanical insulators.

67. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiff and all other similarly situated current and former mechanical insulators.

## COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as technicians/ mechanical insulators for the Defendants. The proposed collective is defined as follows:

> All persons who work(ed) for Defendants as technicians/ mechanical insulators, or other positions with similar job titles and/or duties who were classified as exempt at any time within three years prior to the commencement of this action (the "FLSA Collective").

69. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

70. Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA.

71. Defendants paid Plaintiff and the FLSA Collective a weekly flat fee and classified them as exempt employees.

72. Defendants improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

73. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked.

74. Defendants were both aware of and required this overtime work.

75. Defendants are and were aware the Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendants denied them overtime compensation.

76. Defendants uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.

77. The relevant job duties of Plaintiff and the FLSA Collective were substantially similar, regardless of their specific job title, location, supervisor, or geographic region.

78. Plaintiff and the FLSA Collective are similarly situated in that they are, or were, subject to Defendants' common compensation policy, pattern, or practice, including without

limitation Defendants' failure to pay such persons for all overtime hours worked when they worked over 40 hours in a workweek in violation of the FLSA.

79. Defendants failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

80. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

81. Defendants' conduct is willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective. Defendants are and were aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

82. Defendants are and were aware of the FLSA's requirements.

83. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

84. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records. Notice should be sent to the FLSA Collective members, pursuant to 29 U.S.C. § 216(b).

**COUNT I**
**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES**
*(On Behalf of Plaintiff and the FLSA Collective)*

85. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

86. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

87. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

88. Plaintiff and the FLSA Collective are non-exempt covered employees under the FLSA, 29 U.S.C. § 203(e)(1).

89. Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek for the Defendants during the applicable time period.

90. Plaintiff and the FLSA Collective are entitled to be paid at the statutory rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

91. At all material times hereto, Defendants were the employer of Plaintiff and the FLSA Collective and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

92. At all material times hereto, Plaintiff and the FLSA Collective were employees of Defendants within the meaning of 29 U.S.C. §§ 203(a) and 207(a).

93. Defendants have not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

94. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

95. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates pursuant to 29 U.S.C. § 255.

96. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates 29 U.S.C. § 207.

97. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of 29 U.S.C. § 255(a).

98. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

99. As a direct and proximate result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered and will continue to suffer damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, et seq., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages and overtime compensation due under the FLSA;

d. An award of liquidated damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

e.  An award of prejudgment and post judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 21, 2020

                                      Respectfully submitted,

                                      */s/ Paul M. Botros*
                                      Paul M. Botros
                                      TX Bar No. 24040548
                                      **MORGAN & MORGAN, P.A.**
                                      8151 Peters Road, Suite 4000
                                      Plantation, FL 33324
                                      Tel: (954) 318-0268
                                      Fax: (954) 327-3017
                                      pbotros@forthepeople.com

                                      *Attorney for Plaintiff & Class Members*